IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DAVID CHRISTIAN,**

                **Petitioner,**

        **v.**                                    CASE NO. 08-3060-RDR

**COMMANDANT, USDB**
**Ft. Leavenworth,**

                **Respondent.**


### O R D E R

Before the court is petitioner's motion for a change of venue in this matter, pursuant to 28 U.S.C. § 1404(a).

Petitioner initiated this action while confined in the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas. Petitioner was thereafter unconditionally released and is currently residing in Colorado. Petitioner seeks a transfer of this matter to the District of Colorado. Citing the current custodial supervision by Colorado authorities over him as a registered sex offender, petitioner argues transfer of this action is warranted for the convenience of witnesses and in the interests of justice.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Venue was appropriate in the District of Kansas when petitioner first filed his petition. Petitioner's subsequent release from USDB confinement and move outside the District of Kansas neither divested

this court of its jurisdiction over this matter, nor rendered the petition moot. See *Carafas v. LaValee*, 391 U.S. 234 (1968). Petitioner makes no showing that he could have initiated this action in the District of Colorado during his USDB confinement, or that transfer of the action to the District of Colorado is required for the convenience of witnesses and parties.

IT IS THEREFORE ORDERED that petitioner's motion for change of venue (Doc. 12) is denied.

DATED: This 21st day of December 2010, at Topeka, Kansas.

 s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge