IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DAVID CHRISTIAN,

          Petitioner,

vs.                                    **Case No. 08-3060-RDR**

COMMANDANT, USDB

          Respondent.

**MEMORANDUM AND ORDER**

I.  BACKGROUND

This case is before the court upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was a member of the United States Army who was convicted, via a guilty plea, of criminal charges relating to multiple acts of sexual misconduct with underaged females. Petitioner was sentenced to a dishonorable discharge and confinement for 15 years, as well as other penalties.

Petitioner's plea and sentence were accomplished pursuant to a pretrial agreement. Petitioner's case was reviewed by the Army Court of Criminal Appeals (ACCA) where petitioner's plea and sentence were summarily affirmed. Petitioner appealed this result to the Court of Appeals for the Armed Forces (CAAF). Again, the result in his case was affirmed. United States v. Christian, 63 M.J. 205 (CAAF 2006). Petitioner submitted a petition for writ of certiorari to the United States Supreme Court. The Supreme Court

denied review.  Christian v. U.S., 549 U.S. 1214 (2007).

II. PETITIONER'S ISSUES

Petitioner raises the following issues in his petition:  1) whether his guilty plea was improvident because it was made "involuntarily, unknowingly and uninformedly" (sic); 2) whether petitioner received ineffective assistance of counsel when his trial counsel misinformed him as to the maximum possible sentence he faced; 3) whether petitioner's conviction and sentence were unconstitutional as the result of an ex post facto application of the law; 4) whether petitioner received ineffective assistance of counsel when his trial counsel failed to request credit for petitioner's alleged illegal pretrial restraint, tantamount to confinement and illegal pretrial punishment, and then advised petitioner to affirmatively waive those issues; and 5) whether petitioner was denied effective assistance of counsel when the Army's Defense Appellate Division failed to provide petitioner representation before the Supreme Court at petitioner's request.

III. HABEAS STANDARDS

Habeas corpus relief can be granted under § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  The court has limited authority to review court-martial proceedings for such error.  Our scope of review is initially limited to determining whether the claims raised by the petitioner

2

were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id. When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. Burns v. Wilson, 346 U.S. 137, 142 (1953). As the Supreme Court stated:

> [I]t is not the duty of the civil courts simply . . . to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

Id. at 144.

A four-factor test aids the court in deciding whether the merits of a military habeas claim have been fully and fairly considered by the military courts. These factors are: 1) whether the asserted error is of substantial constitutional dimension; 2) whether the issue is one of law rather than of disputed fact already determined by the military tribunals; 3) whether military considerations may warrant different treatment of constitutional claims; and 4) whether the military courts gave adequate consideration to the issues involved and applied proper legal

3

standards. Roberts v. Callahan, 321 F.3d 994, 996-97 (10th Cir. 2003).

An issue may be deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. Id. at 997; Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986). The fact that the military court did not specifically address the issue in a written opinion is not controlling. Lips, 997 F.2d at 812 n. 2. Instead, "when an issue is briefed and argued" before a military court, the Tenth Circuit has "held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id., citing Watson, 782 F.2d at 145. The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims. Watson, 782 F.2d at 144, citing Burns, 346 U.S. at 146. Without such a showing, the federal court cannot reach the merits. Id.

IV. ANALYSIS

   A. <u>Involuntary and Unknowing Plea</u>

      1. <u>Background</u>

The alleged offenses in this case were committed in 1998. The guilty plea and sentence were done in 2001. Petitioner claims that his guilty plea was "unknowing" because he was told that the

4

maximum possible sentence was life without parole (LWOP) when under the applicable Manual for Courts-Martial (MCM) the maximum punishment for the charged offenses was confinement for life. Petitioner asserts that he would not have pleaded guilty had he known that the maximum punishment was confinement for life, instead of LWOP.

Congress defines criminal offenses and provides maximum penalties in the Uniform Code of Military Justice (UCMJ). See Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991). In doing so, Congress has delegated to the President considerable discretionary authority to limit military punishment. Id. at 1264. Still Congress has primary authority for determining offenses and punishments. See Loving v. United States, 517 U.S. 748, 767-68 (1996).

Articles 56 and 18 of the UCMJ provide examples of where Congress has delegated the power to limit the punishment directed by courts-martial. In Article 56 of the UCMJ, Congress specifies that the "punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense." 10 U.S.C. § 856. In Article 18 of the UCMJ, Congress states that a court-martial "may, under such limitations as the President may prescribe, adjudge any punishment not forbidden by [the UCMJ], including the penalty of death when specifically authorized by" the UCMJ. 10 U.S.C. § 818. The

5

President exercises this delegated authority in the MCM. Part IV of the MCM sets forth the elements and punishments of offenses. Nevertheless, Congress retains primacy in this area and "is presumed aware of the manner in which the President [has] exercised his delegated authority to limit military punishment." Khan, 943 F.2d at 1264.

In 1997, Congress amended the UCMJ by adding Article 56a which states that a court-martial could adjudge a sentence of LWOP for "any offense for which a sentence of confinement for life may be adjudged." 10 U.S.C. § 856a(a). One of the crimes to which petitioner pleaded guilty was forcible sodomy with a child under the age of twelve years.[1] When this alleged crime occurred, May 1998, Article 125 of the UCMJ provided that the crime could be punished "as a court-martial may direct." 10 U.S.C. § 925(b).

Petitioner argues that the maximum punishment for his offense was confinement for life because Article 56 of the UCMJ assigned to the President the power to prescribe limits on punishments authorized by Congress, and the President in turn prescribed confinement for life as the maximum punishment for petitioner's alleged sodomy offense in the MCM. MCM pt. IV, para. 51.e(3)(1995). The MCM was not amended to make LWOP the maximum

---

[1] Petitioner also pleaded guilty to two specifications of indecent acts with two different children under sixteen years of age and a third specification involving sexual intercourse on multiple occasions with a 16-year-old stepdaughter.

6

punishment until April 11, 2002, years after the alleged sodomy offense and months after petitioner pleaded guilty. Nevertheless, petitioner was told at the time of his guilty plea that LWOP was the maximum punishment.

The CAAF considered this issue when deciding petitioner's appeal. <u>Christian</u>, 63 M.J. at 207-09. The CAAF decided that the issue required the court to harmonize the provisions of Article 56 of the UCMJ in which Congress allows the President to set limits on maximum punishment in the MCM, with Article 56a which states that a court-martial may adjudge a sentence of LWOP whenever a sentence of confinement for life may be given. The CAAF decided that Article 56a directly regulated the court-martial process, in essence overriding some of the Presidential limits upon punishment set out in the MCM in accordance with Article 56.

### 2. <u>Full and fair consideration</u>

The following factors weigh in favor of court review of petitioner's claim that he made an involuntary and unknowing plea of guilty. Petitioner raises a substantial constitutional issue. The Constitution protects persons from pleading guilty to criminal offenses without a knowledge of the maximum possible punishment. In <u>Boykin v. Alabama</u>, 395 U.S. 238, 244 (1969), the Court held that there was no effective waiver of constitutional rights unless the record demonstrated that the defendant had "a full understanding of what the plea connotes and of its consequence." This included, the

7

Court implied, the "'permissible range of sentences.'" Id. at 244 n.7, quoting Commonwealth ex rel. West v. Rundle, 237 A.2d 196, 197-98 (Pa. 1968).

In addition, petitioner's claim involves the interplay of Congressional and Presidential authority in establishing military criminal punishment as reflected in Article 56 of the UCMJ and other parts of the UCMJ. In Khan, 943 F.2d at 1263, the Tenth Circuit considered and decided a military habeas petition claiming that Article 56 was an unconstitutional delegation of Congressional power after the court looked at the factors for and against review.

Petitioner's claim presents a legal issue; there is no material disputed fact. Also, there is no clear military component to the issue which would render federal court involvement inappropriate.

On the other hand, unlike the situation in Khan, here the government has argued that review is inappropriate and the military appeals courts have considered petitioner's claim. In addition, review by this court creates the potential of a conflict between this court and the military courts in the interpretation of Congressional and Presidential sentencing powers.

After considering all the above factors, the court concludes that the military courts have given full and fair consideration to the claimed error, applying proper legal standards, and that review of the military courts' decision is outside the scope of this

court's jurisdiction.

### 3. Alternative holding

Even if the court did review the claim, the court would not hold in favor of petitioner. We agree with the CAAF that petitioner's claim requires the court to harmonize Articles 56 and 56a of the UCMJ. It would be contrary to the primacy of Congressional authority in this field to hold that the dictates of Article 56a did not apply or were not effective until the President employed his delegated power under Article 56 to increase the maximum punishment from confinement for life to LWOP.

Petitioner's argument is also contrary to the common canons of statutory construction. The language of Article 56a is plain. "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Gross v. FBL Fin. Servs., Inc., 129 S.Ct. 2343, 2350 (2009) (quoting Engine Mfrs. Assn. v. South Coast Air Quality Management Dist., 541 U.S. 246, 252 (2004)). The decision of the CAAF in this matter accords with the plain language of Article 56a. Moreover, although repeals by implication are not favored, where provisions in two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one. See Posadas v. National City Bank, 296 U.S. 497, 503 (1936). Therefore, to the extent that Article 56a conflicts with Article 56

9

by directing a maximum sentence of LWOP where the President used his delegated authority under Article 56 to establish a maximum sentence of confinement for life, Article 56a is the later act and must control to the extent of the conflict.

B.  <u>Ineffective Assistance of Counsel - Maximum Possible Sentence</u>

Petitioner's second argument for relief is that his trial counsel rendered ineffective assistance of counsel because she erroneously advised petitioner that the maximum possible punishment for his offense was LWOP instead of confinement for life. "In determining whether a petitioner has made out a claim for ineffective assistance of counsel in violation of the Sixth Amendment, we consider whether the petitioner has demonstrated that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for the counsel's error, the result of the proceeding would have been different." <u>U.S. v. Bedford</u>, ___ F.3d ___, 2010 WL 4983040 at *2 (10th Cir. 2010) (interior quotations omitted). "Judicial scrutiny of counsel's performance must be highly deferential . . . [and we] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). The military appellate courts have held that the maximum punishment petitioner faced was LWOP. <u>Christian</u>, 63 M.J. at 209. Therefore,

10

it cannot be said that petitioner's trial counsel's advice regarding maximum punishment fell below an objective standard of reasonableness.

C. <u>Ex Post Facto Application of the Law</u>

Petitioner contends that he was threatened with LWOP when he pleaded guilty and that this represented an <u>ex post facto</u> application of the law because the MCM did not provide for LWOP at the time of his guilty plea and sentence, and the MCM was only later amended to render such punishment.

The court rejects this claim. "The <u>Ex Post Facto</u> Clause flatly prohibits retroactive application of penal legislation." <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 266 (1994). We agree with the CAAF that the maximum sentence of LWOP was effected by Congress through Article 56a of the UCMJ before petitioner committed the crimes to which he pleaded guilty. Therefore, there was no retroactive application of penal legislation in this case.[2]

---

[2] It appears to the court that petitioner did not raise this claim or the previous ineffective assistance of counsel claim before the military courts. Therefore, the claims may be considered waived. <u>Roberts</u>, 321 F.3d at 995. However, respondent has not raised this issue and rather than delaying this matter further by asking petitioner for a response to the possibility of waiver, the court has addressed the merits of the claims. Respondent has argued that the military courts gave full and fair consideration to petitioner's first three claims by ruling that LWOP was the maximum penalty for petitioner's sodomy offense. This ruling is certainly critical to the merits of petitioner's related ineffective assistance and <u>ex post facto</u> claims. However, from our review of the record, those claims were not directly presented to the military courts. Therefore, the court is hesitant to find that the claims were fully and fairly considered by the military courts.

11

D. <u>Ineffective Assistance of Counsel - Failure to Request Credit for Alleged Illegal Pretrial Restraint</u>

Petitioner argues that he was illegally confined and restricted prior to his guilty plea and sentence. His trial counsel did not request credit against his sentence for this alleged pretrial punishment and advised petitioner to waive this issue at sentencing and on appeal.

The CAAF discussed this claim. <u>Christian</u>, 63 M.J. at 209-10. The court concluded that it was reasonable for petitioner's trial counsel to decide that the restrictions placed upon petitioner (which included revocation of off-post privileges and, according to petitioner, having to remain in his barracks room during evening hours) were necessary in light of a suicide threat and not tantamount to confinement. The CAAF further stated that it was a reasonable tactic for a defense attorney to avoid asserting such a claim for confinement credit at sentencing and instead offer it as a mitigating sentencing factor. Finally, the CAAF also concluded it was reasonable for defense counsel to advise petitioner to waive the issue on appeal.

This asserted error by petitioner's trial counsel raises an issue of substantial constitutional dimension. The issue contains a factual component concerning the type of restrictions and the justification for the restrictions, as well as a legal component.

The court believes there are military considerations which apply to the resolution of the issue since it involves limitations placed upon the movement and interaction of military personnel, and the comparison of confinement and punishment to normal military life. More significantly perhaps, the military courts gave adequate consideration to the issue when it was argued before them. After careful review, we conclude that petitioner's claim received full and fair consideration from the military courts and, therefore, the claim does not provide grounds for habeas relief from this court.

  E. <u>Ineffective Assistance of Appellate Counsel</u>

  Petitioner's final argument for habeas relief is that he was denied effective assistance of counsel when the Army's Defense Appellate Division refused to file a certiorari petition on his behalf from the CAAF's decision. Petitioner alleges that the chief of the Defense Appellate Division told him over the phone that his issues were "frivolous." Petitioner filed his own petition for certiorari which discussed at length the issue of whether he made a knowing and intelligent guilty plea. He also addressed whether he was denied the right to representation by counsel before the Supreme Court as required under Article 70 of the UCMJ and the Sixth Amendment. A reply brief in favor of review was filed by counsel on petitioner's behalf, but not counsel from the Defense Appellate Division. This brief suggested, <u>inter alia</u>, that the Supreme Court remand the matter to the CAAF for the appointment of

counsel to represent petitioner in filing a new petition for certiorari review.

### 1. Full and fair consideration

Respondent has argued that petitioner's ineffective assistance of appellate counsel claim was given full and fair consideration by the Supreme Court. The court shall hold otherwise. The denial of certiorari review expresses no view about the merits of the issues for which review is requested because the Court may deny certiorari for many reasons. Bridgers v. Texas, 532 U.S. 1034 (2001). Therefore, the court does not have grounds to find that the Supreme Court considered the assistance of counsel issue raised by petitioner. Moreover, this is an issue of alleged constitutional scope. It presents legal, not factual issues, and it does not appear to have any unique military component.

### 2. Exhaustion

Respondent has also argued that petitioner has not exhausted his military remedies as to his claim of ineffective assistance of appellate counsel because he did not raise the issue before a military court. The court tends to agree with this argument. Petitioner could have applied to the CAAF for appointment of counsel to assist him with a petition for certiorari review. See U.S. v. Parker, 53 M.J. 631 (ACCA 2000)(deciding whether under Article 70 to appoint appellate counsel for a person convicted by a general court-martial when multiple appellate defense counsel had

14

sought withdrawal). However, the court acknowledges petitioner's claim that he raised the issue with the Supreme Court and that there is cause and prejudice which justifies this court's consideration of the matter upon habeas review. Because we firmly believe petitioner's claim of ineffective assistance of appellate counsel is faulty upon its merits the court shall move to that discussion. See <u>U.S. v. Eccleston</u>, 521 F.3d 1249, 1253 (10th Cir.) <u>cert. denied</u>, 129 S.Ct. 430 (2008)(denying a § 2241 application without reviewing an exhaustion question); <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)(denying an unexhausted § 2241 petition on the merits).

    3. <u>Merits</u>

Petitioner cites the Sixth Amendment of the Constitution as one authority for his argument. However, there is no right to counsel under the Sixth Amendment to pursue a discretionary application for review in the Supreme Court. <u>Ross v. Moffitt</u>, 417 U.S. 600, 616-18 (1974); <u>Wyatt v. U.S.</u>, 574 F.3d 455, 459 (7th Cir. 2009) <u>cert. denied</u>, 130 S.Ct. 1925 (2010); <u>Nichols v. U.S.</u>, 563 F.3d 240, 249-50 (6th Cir.) <u>cert. denied</u>, 130 S.Ct. 277 (2009); <u>U.S. v. Thomas</u>, 33 Fed.Appx. 446 at **2 (10th Cir. 4/10/2002).

Petitioner also cites Article 70 of the UCMJ which provides in part: "Appellate defense counsel shall represent the accused before the Court of Criminal Appeals, the Court of Appeals for the Armed Forces, or the Supreme Court - - (1) when requested by the

15

accused." 10 U.S.C. § 870(c).

Whether the alleged violation of Article 70 is claimed to be ineffective assistance of counsel or a statutory violation which by itself justifies habeas relief, the court rejects petitioner's argument. The court does not believe petitioner can establish the requisite prejudice to his case to justify habeas relief on the basis of the alleged violation of Article 70. Nor can petitioner demonstrate the necessary elements for a claim of ineffective assistance of counsel. Petitioner cannot establish that the decision not to assist him in filing a petition for certiorari fell below an objective standard of reasonableness or that he suffered prejudice because of that decision.

The court has reviewed the briefs filed on petitioner's behalf before the Supreme Court. It appears to the court that his issues in this matter were presented competently. The Supreme Court decided not to accept review. In doing so, the Supreme Court declined petitioner's suggestion that the Court vacate and remand the CAAF's decision with instructions for the CAAF to appoint counsel to assist petitioner in preparing a new petition for certiorari review. Under these circumstances, we conclude that the petitioner suffered no prejudice from the denial of representation by the Defense Appellate Division before the Supreme Court and that such denial was not objectively unreasonable. This not only means that the alleged violation of Article 70 does not constitute

ineffective assistance of counsel, but also that it does not provide the extraordinary grounds required for habeas relief. Cf., Davis v. U.S., 417 U.S. 333, 346 (1974) (habeas relief under § 2255 is not available unless claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice and presents exceptional circumstances where the need for habeas relief is apparent); Nichols, 563 F.3d at 250-51 (upon a § 2255 motion, denying relief upon a claim of deficient performance by counsel who failed to file a petition for writ of certiorari); Steele v. United States, 518 F.3d 986, 988-89 (8th Cir. 2008) (same); U.S. v. DeJesus Fernandez, 2010 WL 3422586 (10th Cir. 9/1/2010) cert. denied, 2010 WL 4393084 (U.S. 12/6/10) (same).

V. CONCLUSION

For the above-stated reasons the court shall not grant habeas relief and direct that the petition be dismissed.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge